IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 8:08CR182 |
| vs. | ) | ORDER |
| ROBERT JONES, | ) | |
| Defendant. | ) | |

Defendant Jones seeks to take the deposition of two Department of Justice officials pursuant to Fed. R. Crim. P. 15 (Filing No. 83).

Fed. R. Crim P. 15 provides, in part:

> **(a)** **When Taken**.
>
> **(1)** **In General.** A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.

The burden of proof in a Rule 15(a) motion rests with the movant to demonstrate the necessity for preserving prospective witnesses' testimony by a deposition. Such depositions are not intended as discovery devices and are meant to preserve testimony for trial. **See *United States v. Adcock,*** 558 F.2d 397, 406 (8th Cir. 1977); ***United States v. Jewell***, 2008 WL 3832512 (E.D. Ark. Aug. 14, 2008). The defendant must demonstrate unavailability and materiality. **See *United States v. Ismaili,*** 828 F.2d 153 (3rd Cir. 1987). Unavailability arises when a witness is either unwilling or unable to appear at trial. In this case, the defendant has wholly failed to show that the witnesses are unavailable and failed to establish beyond speculation that the witnesses are material.

There being no exceptional circumstances shown by the defendant, his motion to order depositions (Filing No. 83) is denied.

**IT IS SO ORDERED.**

DATED this 2nd day of September, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge